SAMSON HEIDENHEIMER'S EXECUTORS V. J. F. WALTHEW.

No. 89.

1. **Partnership — Interest in Profits does not Constitute.** —Agreement being that W. was to go to England and there act as the agent of H. in chartering steamships for him, to be loaded and freighted by him, and W. to receive for his services one-fourth of the profits to be realized upon the loading and freighting of such vessels, does not constitute a partnership between H. and W.

2. **Compensation of Agent Unaffected by Subsequent Agreement of Principal.**—Having made such contract with H., his right to recover the compensation agreed on for his services was unaffected by subsequent agreement between H. and another to admit such other to share the profits of the undertaking.

3. **Objection to Deposition that Commission Prematurely Issued.**—Interrogatories were filed and served on defendant January 16, were crossed, and commission issued on January 21. Objection to the deposition was properly overruled.

4. **Deposition of Defendant may be Read After His Death.**—The deposition of a defendant taken by the plaintiff without notice or opportunity to be crossed, under title 38, chapter 3, Revised Statutes, may be read in evidence by the plaintiff after the death of defendant.

APPEAL from Galveston. Tried below before Hon. WM. H. STEWART.

The conclusions of fact by the court and the assignments of error submitted as propositions from the brief of appellants sufficiently state the case.

*Finlay & Finlay*, for appellants.—1. The court erred in refusing instruction numbered 1, asked by the defendants, which was as follows: "If the jury believe from the evidence that the contract was that Walthew should charter one or more steamers, in which Heidenheimer was to have a three-fourths interest and Walthew a one-fourth interest, such a contract would constitute a partnership between the parties, and not an agency on the part of Walthew." Cothran v. Marmaduke, 60 Texas, 372; Stevens v. Bank, 62 Texas, 499.

2. Fourth assignment of error: The court erred in refusing instruction numbered 2, asked by the defendants, which is as follows: "If the jury believe from the evidence that the contract entered into between Heidenheimer and Walthew was a partnership, then Heidenheimer would have the right to employ such agencies as were necessary to carry out the object of the partnership, and the partnership will be chargeable with the necessary expenses of the agency so employed."

3. Fifth assignment of error: The court erred in refusing instruction numbered 3, asked by the defendants, which was as follows: "If the jury believe from the evidence that the contract entered into between Heidenheimer and Walthew was a partnership, and that Heidenheimer was to have a three-fourths interest in their said venture, and Walthew was to have a one-fourth interest in said venture, then" etc. * * * Randall v. Merideth, 76 Texas, 682; 1 Bates on Part., secs. 315, 334; Mech. on Ag., sec. 45.

4. Ninth assignment of error: The court erred in the following instruction to the jury: "If you believe from the evidence that there was a contract between the plaintiff and Samson Heidenheimer, by which the plaintiff Walthew was to charter or hire a ship or ships for Heidenheimer, and Heidenheimer was to have the ships freighted, and Heidenheimer was to compensate Walthew by paying him one-fourth of the net profits which Heidenheimer received by procuring freights for the ship, and that Heidenheimer received net profits therefrom, then the plaintiff Walthew would be entitled to one-fourth of the net profits which Heidenheimer received for procuring freights for the ship."

5. The charge of the court must agree with the allegations and proof, and it has been held a reversible error to submit to the jury issues to which no evidence has been adduced. Rev. Stats., art. 1317; Cook v. Dennis, 61 Texas, 248; Railway v. Kuehn, 70 Texas, 582; Altgelt v. Brister, 57 Texas, 432; Belcher v. Fox, 60 Texas, 527; Railway v. Terry, 42 Texas, 451.

6. The court erred in overruling defendants' motion to strike out and

suppress the depositions of plaintiff J. Fred Walthew, on the ground that the commission to take his said deposition issued within five days from the time the original interrogatories were filed and served on defendant, the interrogatories having been filed and served on the 16th of January, crossed on the 21st, and the commission issued on the 21st of January, 1891.

7. The depositions of Samson Heidenheimer were taken January 15, 1891, filed January 15, 1891, and Samson Heidenheimer died February 22, 1891. The depositions should not have been admitted in evidence; because Heidenheimer was the original defendant in the suit; he had died before the trial; and because said depositions were taken under title 38, chapter 3, of the Revised Statutes, at the instance of plaintiff, without notice or opportunity to be crossed; and said Heidenheimer being dead, defendants as his executors are deprived of an opportunity of cross-examining, or producing his evidence in explanation of his answers as contained in said depositions.

*John C. Walker*, for appellee.—1. Simply an interest in a proportion of the profits does not constitute the one receiving such interest a partner. Buzard v. Bank, 67 Texas, 83; Brown v. Watson, 72 Texas, 216.

2. The special instruction refused was misleading, and would have tended to confuse the jury; was not applicable to the facts, and was neither warranted by the pleadings nor the evidence. Norvell v. Phillips, 46 Texas, 162; Fordtran v. Ellis, 58 Texas, 245.

3. Where opposite party files cross-interrogatories within five days, the deposition may be taken at once. Whitaker v. Gee, 61 Texas, 217; Griffin v. Chadwick, 44 Texas, 406; Supreme Commandery v. Rose, 62 Texas, 321.

4. Depositions of a party or witness properly taken in his lifetime are admissible after his death. The executors of a deceased party stand in no better position than he would occupy if alive. Heidenheimer's depositions could have also been taken in his own behalf if desired. Rev. Stats., title 38, arts. 2238, 2239, 2240; Love v. Keowne, 58 Texas, 191.

WILLIAMS, Associate Justice.—Appellee filed this suit October 24, 1889, in the District Court of Galveston County, against Samson Heidenheimer, on a verbal contract of agency, wherein he alleges, that it was agreed that said Walthew should go to England and there act as the agent of said Heidenheimer in chartering steamships for said Heidenheimer, to be loaded and freighted by him. That said Heidenheimer agreed to pay said Walthew for his said services one-fourth of the profits to be realized upon the loading and freighting of said vessels, and growing out of the chartering thereof. That in pursuance of said contract, said Walthew did charter the steamship Aldersgate at Liverpool, England,

on July 3, 1889, on terms satisfactory to said Heidenheimer. That said Heidenheimer loaded said steamer Aldersgate, and made profits in the sum of $6730.80, of which Walthew was entitled to $1682.70, for which he brings suit.

Defendant filed a general demurrer and a general denial. Heidenheimer died pending the suit, and his executors were made parties and defended the action.

On November 7, 1891, case tried by jury, and verdict and judgment for plaintiff for $1390.90 principal and $172.58 interest, total $1563.48, and defendants appealed.

*Conclusions of fact.*—1. That the evidence was sufficient to warrant the jury in finding that the contract, as alleged, between Heidenheimer and Walthew was proven.

2. After the making of such contract, Heidenheimer entered into a limited partnership with one E. H. Fisher for the purpose of freighting and loading vessels, to which each contributed $5000, with the agreement for an equal division of profits.

3. That Walthew, as alleged by him, chartered and sent to Galveston the Aldersgate for Heidenheimer, and that it was freighted and loaded by E. H. Fisher for the firm of E. H. Fisher & Co., and that the net profits realized therefrom amounted to $5563.62. This sum was divided between Fisher and Heidenheimer, in accordance with their contract of partnership, Heidenheimer receiving $2781.81.

4. That the contract between Heidenheimer and Walthew made Walthew the agent of Heidenheimer, his compensation for his services as such, as agreed on, being one-fourth of the net profits to be realized from the freighting of the vessel.

*Conclusions of law.*—1. The court did not err in refusing the special charge set forth in appellants' third assignment of error. The facts there enumerated would not constitute a partnership between Heidenheimer and Walthew. The share of profits allowed Walthew was compensation for his services as Heidenheimer's agent.

2. The evidence was not sufficient to show such partnership, and the court did not err in refusing the second and third special instructions copied in the fourth and fifth assignments, which stated the effect such a partnership would have upon the rights of the parties.

3. The fourth special instruction asked by appellant, which is as follows, " If the jury believe from the evidence that the partnership of E. H. Fisher & Co. was a special partnership under the statutes, that E. H. Fisher was the general partner and Heidenheimer was a special partner, then Heidenheimer had no authority to bind E. H. Fisher & Co. in any contract, but Heidenheimer Bros. had the right to employ E. H. Fisher

& Co., or any other agency, to load the vessels chartered by Heiden-
heimer and Walthew," was correctly refused.  Heidenheimer had not the
right, to the prejudice of Walthew, to admit another to share in the
profits of the undertaking.  The rights of Walthew, under his contract,
were unaffected by the subsequent agreement between Heidenheimer and
Fisher.

4.  The portion of the charge of the court complained of in the ninth
assignment of error properly submitted to the jury, under the evidence,
the question as to the proof of the contract as alleged by the plaintiff.
Heidenheimer was dead, and Walthew was not allowed to testify as to
the contract, but there were facts and circumstances in evidence from
which the terms of the agreement could be inferred.  The court properly
made appellee's right to recover depend upon proof of such a contract
as he alleged.

5.  There was no error in refusal of the court to suppress the deposi-
tions of Walthew, nor in allowing that of Heidenheimer to be read.

6.  The verdict of the jury in finding for plaintiff one-fourth of the
profits realized from the freighting of the vessel was correct.  The part
of the gains allowed by Heidenheimer to Fisher should not have been de-
ducted.

The judgment is therefore affirmed.

                                                        *Affirmed.*

Delivered March 9, 1893.